| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAPORTE SUPERIOR COURT 1 |
| | ) SS: | |
| COUNTY OF LAPORTE | ) | |

| | |
|---|---|
| KMH SYSTEMS, INC. ) | |
|     Plaintiff ) | 46D01-1810-PL-001864 |
| vs. ) | Cause No. _____ |
| ) | |
| ) | |
| ) | |
| CAPITAL EQUIPMENT AND ) | |
| HANDLING, INC. ) | |
| ) | |
| and ) | |
| ) | |
| MICHAEL KEARNEY AND ) | |
| GARY CASSLER, SR. ) | |
| ) | |
|     Defendants ) | |

## VERIFIED COMPLAINT

Plaintiffs KMH SYSTEMS, Inc. ("KMH") file this verified complaint and request for Temporary Restraining Order and Injunction without notice against CAPITAL EQUIPMENT AND HANDLING, INC. ("CAPITAL EQUIPMENT.") and MICHAEL KEARNEY AND GARY CASSLER, Sr. ("KEARNEY AND CASSLER") for breach of a Non-Disclosure Agreement (the "NDA") dated and effective June 5, 2011 between KMH and KEARNEY AND CASSLER, for fraudulent inducement, breach of the implied covenant of good faith and fair dealing, and unfair competition. KMH hereby alleges as follows:

### I. THE PARTIES

1. Plaintiff KMH, Inc. is a corporation organized under the laws of Ohio, and having offices located in the State of Indiana, with an office at 143 Olive Road, South Bend, IN.

2. Defendant CAPITAL EQUIPMENT. is a corporation organized under the laws of Wisconsin, having its principal place of business in Hartland, WI.  CAPITAL EQUIPMENT also conducts and does business in the Midwestern United States.

3. Defendant MICHAEL KEARNEY AND CASSLER is an individual, residing in Illinois.

## II. NATURE OF THE ACTION

4. This is a civil action for breach of contract, fraudulent inducement, breach of the implied covenant of good faith and fair dealing, and unfair competition.  It arises out of MICHAEL KEARNEY AND GARY CASSLER's and through his relationship thereto, CAPITAL EQUIPMENT's, bad-faith entry into the NDA and blatant breach of the NDA while both were employed by KMH and after leaving KMH.

5.  KMH is also seeking a Temporary Restraining Order and Injunction without notice against Defendant's as a means of limiting further ongoing damages.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to Indiana Code as Plaintiff conducts and does business in the State of Indiana.  KMH is licensed to and does business in the State of Illinois and the State of Indiana, and CAPITAL EQUIPMENT is a Wisconsin Corporation, licensed to do business in Illinois and surrounding states and KEARNEY AND CASSLER are both residents of the State of Indiana.

7. Upon information and belief, CAPITAL EQUIPMENT conducts business in Indiana and surrounding states and sells products and services within the Midwestern United States.

8. CAPITAL EQUIPMENT, by virtue of employing Defendant KEARNEY AND CASSLER, is subject to the terms and conditions of the NDA. Said NDA allows for the choice of venue by the Plaintiff, KMH.

9. The NDA between KMH and KEARNEY AND CASSLER allows for KMH to choose venue.

## IV. BACKGROUND

A. KMH Overview

10. KMH is an Ohio Corporation, licensed to and conducting business in the State of Indiana, Illinois, Michigan, Tennessee, Ohio and Georgia. KMH sells, maintains, repairs and leases materials handling equipment products and services through a variety of relationships with manufacturers and suppliers.

11. KMH has multiple clients, customers and business relationships, as well as product pricing, marketing and sales information which it needs to protect in order to continue to compete in this industry. KMH's proprietary customer lists consists of more than 1000 customers and clients spread throughout the United States.

15. KMH requires all employees, upon joining the company, to execute a Non-Disclosure Agreement (the "NDA").

MIKE KEARNEY AND GARY CASSLER BACKGROUND

16. MIKE KEARNEY AND GARY CASSLER were employed by and worked exclusively for KMH for several years. On or about February 6, 2012, MIKE KEARNEY executed a certain NDA, and on or about July 21, 2011, GARY CASSLER executed a certain NDA, copies of which are attached hereto as Exhibit A. Pursuant to the terms of the NDA, KEARNEY AND

CASSLER were precluded from sharing any of this information with anyone following the termination of their employment with KMH.  KEARNEY and CASSER effectively resigned from KMH on or about October 18, 2018.

CAPITAL EQUIPMENT BACKGROUND

17. CAPITAL EQUIPMENT., a Wisconsin corporation licensed to do business in the Midwestern United States.  CAPITAL EQUIPMENT sells, repairs and leases materials handling equipment in many of the same markets as does KMH.

18. Since 2017, CAPITAL EQUIPMENT has been selling, repairing and leasing materials handling equipment to customers and clients of KMH based upon contacts made by KEARNEY AND CASSLER at CAPITAL EQUIPMENT's direction.  CAPITAL EQUIPMENT has done and continues to do business in violation of the NDA and to the detriment of KMH.

19. Despite attempts by KMH – including a written request to cease contacting KMH customers and clients, and a pending lawsuit against other former KMH employees,  KEARNEY AND CASSLER, at CAPITAL EQUIPMENT's direction, continues to do so.

20. Upon information and belief, CAPITAL EQUIPMENT refuses to stop contacting clients and customers of KMH and continues to employ KEARNEY AND CASSLER for such purposes.

21. As a result of CAPITAL EQUIPMENT continuing to sell products and services to KMH customers and clients, in violation of KEARNEY AND CASSLER's NDA with KMH, KMH has been forced to bring this action and to seek a restraining order to protect its proprietary and customer and clients lists as well as pricing, and sales and marketing strategies and materials.

23. Pursuant to the NDA, the parties also agreed that they would be "entitled to seek equitable relief, including injunction and specific performance, for any actual or threatened breach of the provisions of this Agreement, in each case, without the necessity of posting bond or other security or proving actual damages."

24. KEARNEY AND CASSLER understood the provisions of the NDA when he entered into the NDA.  At the time KEARNEY AND CASSLER executed the NDA, KEARNEY AND CASSLER knew the importance of the information he was provided and the absolute need to protect such proprietary and privileged information.

25. The NDA places strict restrictions on the use and disclosure of confidential customer information and customer lists, both of which KEARNEY AND CASSLER have repeatedly violated.

26. Based on information and belief, CAPITAL EQUIPMENT understood the provisions of the NDA when it hired KEARNEY AND CASSLER.

## I. FIRST CAUSE OF ACTION: WILLFUL BREACH OF CONTRACT AS AGAINST KMH

 27. KMH repeats and reiterates the allegations contained within Paragraphs 1 through 26 above as if set forth fully herein.

28. KMH and KEARNEY AND CASSLER entered into the NDA which restricted the use and disclosure of KMH's proprietary and privileged information concerning customers, clients, pricing and sales and marketing strategies.

29. The NDA is a valid and binding contract.

30. KMH has at all times complied with its obligations under the NDA and is willing and able to perform any remaining obligations.

31. KEARNEY AND CASSLER have been and are able to perform their obligations under the NDA, but have instead flagrantly, willfully and maliciously breached the NDA by sharing proprietary, protected information with CAPITAL EQUIPMENT, at CAPITAL EQUIPMENT's direction and for CAPITAL EQUIPMENT's benefit.  KEARNEY AND CASSLER and CAPITAL EQUIPMENT are also engaged in an ongoing breach of the NDA, which by its express terms requires KEARNEY AND CASSLER and CAPITAL EQUIPMENT to take all reasonable measures to protect the secrecy of and avoid disclosure and use of KMH's Confidential Information.  In particular, CAPITAL EQUIPMENT and KEARNEY AND CASSLER have failed to cease using KMH's information covered by the NDA to solicit and steal customers and clients from KMH.  KEARNEY AND CASSLER and CAPITAL EQUIPMENT's ongoing breach can only be remedied by an order requiring specific performance of KEARNEY AND CASSLER and CAPITAL EQUIPMENT's obligations under the NDA.

32. KMH has suffered and will continue to suffer harm, including irreparable harm, by KEARNEY AND CASSLER's and CAPITAL EQUIPMENT's flagrant, willful and malicious breach of the NDA.

33. KMH has no adequate remedy at law for the irreparable harm.

34. CAPITAL EQUIPMENT's flagrant, willful and malicious breach of the NDA undermines important Indiana public policies including, but not limited to, policies which support enforcement of NDA's.  KMH is entitled to permanent injunctive relief and specific

performance.  KMH has also suffered additional damages as a result of this misconduct in an amount to be determined at trial.

## II. SECOND CAUSE OF ACTION: FRAUDULENT INDUCEMENT

35. KMH repeats and reiterates the allegations contained within Paragraphs 1 through 34 above as if set forth fully herein.

36. Upon information and belief, KEARNEY AND CASSLER made a material misrepresentation to KMH that: (1) KEARNEY AND CASSLER would comply with the terms of the NDA including the terms restricting the use and/or disclosure of protected and proprietary information; (2) KEARNEY AND CASSLER would not use and/or disclose the Prohibited Material for any purpose of use; and/or (3) KEARNEY AND CASSLER agreed to guard KMH's proprietary pricing information, but instead has conspired with CAPITAL EQUIPMENT to defraud KMH out of its clients and customers.

37. Upon information and belief, KEARNEY AND CASSLER made these misrepresentations knowing their falsity and intending to deceive KMH.  Upon information and belief, KEARNEY AND CASSLER, on his own and at the direction of CAPITAL EQUIPMENT, never intended to honor all of its obligations under the NDA.

38.  KMH has suffered and will continue to suffer harm, including irreparable harm, by at least CAPITAL EQUIPMENT's prosecution of a lawsuit that is based on the Prohibited Material and disclosure of the Prohibited Material to third parties.

39. By its breach of the NDA and its Chinese press strategy, CAPITAL EQUIPMENT is also seeking, among other things, to create circumstances under which the NDRC or other Chinese

regulatory authorities will demand access to the Prohibited Material, which will cause further irreparable harm to KMH.

40.  KMH has been damaged by this misconduct in an amount to be determined at trial.

## III. THIRD CAUSE OF ACTION: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

41. KMH repeats and reiterates the allegations contained within Paragraphs 1 through 40 above as if set forth fully herein.

42. The NDA is governed by Indiana law.  The covenant of good faith and fair dealing is implied in every contract governed by Indiana law.

43. KMH and KEARNEY AND CASSLER entered into the NDA which restricted the use and disclosure of certain proprietary and protected information, including pricing lists and customer lists.

44. When entering into the NDA, it was the intention of the parties to maintain the confidentiality of settlement information.  As such, KMH was reasonably justified in understanding that CAPITAL EQUIPMENT and KEARNEY AND CASSLER would comply with the NDA in good faith and not solicit, compete or seek to take KMH's customers and business from it in direct violation of the NDA.

45. By flagrantly, willfully and maliciously violating the NDA CAPITAL EQUIPMENT, KEARNEY AND CASSLER have destroyed and/or injured KMH's rights to receive the fruits of the contract, namely, that the Prohibited Material would not be used for the purpose of soliciting KMH's customers for their use as used by CAPITAL EQUIPMENT.

46. By its breach of the NDA, CAPITAL EQUIPMENT and KEARNEY AND CASSLER are seeking, among other things, to steal customers and clients of KMH by directly approaching them and undercutting KMH's proprietary pricing and customer discounts, customer lists and longstanding contractual business relationships.

47. The obligation of KEARNEY AND CASSLER and CAPITAL EQUIPMENT to refrain from using the protected information to approach third parties or using the protected information in direct violation of the NDA is not inconsistent with other terms of the NDA.

48. The foregoing misconduct by KEARNEY AND CASSLER and CAPITAL EQUIPMENT constitutes a willful breach of the implied covenant of good faith and fair dealing.

49. CAPITAL EQUIPMENT's flagrant, willful and malicious breach of the NDA breach of the implied covenant of good faith and fair dealing, and the resulting injury to KMH, undermines important Indiana public policies including, but not limited to, policies encouraging settlements. KMH has been damaged by this misconduct in an amount to be determined at trial.

## IV. FOURTH CAUSE OF ACTION: CIVIL CONSPIRACY TO COMMIT TORTIOUS INTERFERENCE

50.  KMH repeats and reiterates the allegations contained within Paragraphs 1 through 49 above as if set forth fully herein.

51.  Based on information and belief, Defendants CAPITAL EQUIPMENT and KEARNEY AND CASSLER knew of certain contractual agreements that KMH had entered with certain customers and despite the existence of the Non-Disclosure Agreement, entered into an agreement and/or understanding, and otherwise conspired with each other and certain customers of KMH to tortiously interfere with Plaintiff's business.  Said agreement is evidenced by certain notices to

cease doing business with KMH, the cancelling of certain contracts and agreements with KMH and the entering of new contractual agreements between certain customers of KMH and the Defendant's which demonstrate the scale, scope, planning and timing of the conspiracy.

55. In furtherance of the conspiracy, Defendant KEARNEY AND CASSLER fraudulently concealed from Plaintiff material facts regarding his actions that were introduced to deceive and defraud Plaintiff when they conspired with CAPITAL EQUIPMENT and certain customers to breach agreements, break contracts, terminate agreements and relationships and to steer or direct certain customers to only do business with CAPITAL EQUIPMENT and KEARNEY AND CASSLER.

56. As a direct and proximate result of Defendants tortious acts committed in furtherance of the above-referenced conspiracy, Plaintiff has suffered substantial damages, been subjected to multiple acts and conduct that tortuously interfered with certain contracts between KMH and certain customers and as such is entitled to the relief sought herein.

## PRAYER FOR RELIEF

WHEREFORE, KMH prays for judgment as follows:

a. That KEARNEY AND CASSLER and CAPITAL EQUIPMENT have willfully breached the NDA, causing harm to KMH;

b. That KEARNEY AND CASSLER and CAPITAL EQUIPMENT, through KEARNEY AND CASSLER, fraudulently induced KMH to enter into the NDA, causing harm to KMH;

c. That KEARNEY AND CASSLER and CAPITAL EQUIPMENT violated the covenant of good faith and fair dealing implied in the NDA, causing harm to KMH;

d. That KEARNEY AND CASSLER and CAPITAL EQUIPMENT conspired to tortuously interfere with existing contracts of KMH and has engaged in unfair competition based on misappropriation of information, causing harm to KMH;

e. That KEARNEY AND CASSLER and CAPITAL EQUIPMENT's conduct, including fraudulently inducing KMH to sign the NDA and then flagrantly, willfully and maliciously breaching the NDA, warrants the imposition of compensatory and punitive damages;

f. That KEARNEY AND CASSLER and CAPITAL EQUIPMENT, its subsidiaries, officers, agents, servants and employees and those persons in active concert or participation with any of them, be ordered to comply with the NDA and be required pursuant to the NDA's express terms to specifically perform their obligations to take all reasonable measures to protect the secrecy of and avoid disclosure and use of KMH's Confidential Information in order to prevent any use of such information for the purpose of competing against KMH or attempting to use such information for the purpose of exercising control over customers of KMH as required under the NDA concerning any such information;

g. That KEARNEY AND CASSLER and CAPITAL EQUIPMENT, its subsidiaries, officers, agents, servants and employees and those persons in active concert or participation with any of them, be ordered to take all steps necessary to ensure that the Confidential Information is not used or disclosed in any way, shape or form;

h. That KEARNEY AND CASSLER and CAPITAL EQUIPMENT, its subsidiaries, officers, agents, servants and employees and those persons in active concert or participation with any of them, be ordered to disclose any other instances in which KEARNEY AND CASSLER and

CAPITAL EQUIPMENT has used, disclosed or otherwise referenced the Confidential and Protected Information;

j. That KMH be awarded its attorneys' fees and costs; and

k. That KMH be awarded such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*s/Thomas F. Godfrey/*

Attorney for Plaintiff KMH Systems, Inc.

Date:  October 18, 2018

Thomas F. Godfrey
Attorney No: 16722-49
P.O. Box 289
Michigan City, IN 46360
(219) 221-2151 (o)
(866) 956-0194 (f)

## VERIFICATION

I, THOMAs F. GODFREY, Executive Vice President and General Counsel for Plaintiff, have personal knowledge of all of the facts stated above and hereby swear under the pains and penalties of perjury that all of those facts are true and accurate.

Date: October 18, 2018

Signature:  *s/Thomas F. Godfrey/*