UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KMH SYSTEMS, INC.,                )<br>                                                    )<br>                 Plaintiff,              )<br>         v.                                    )   CASE NO.:  3:18-cv-00913-JD-MGG<br>                                                    )<br>  CAPITAL EQUIPMENT AND     )<br>HAMDLING, INC., *et al.*,          )<br>                                                    )<br>                 Defendants.         ) | |

**REPORT AND RECOMMENDATION**

On December 21, 2018, Plaintiff's counsel, Thomas F. Godfrey, was disqualified and his appearance in this case was terminated. [DE 16]. In that order, the undersigned noted that Mr. Godfrey's disqualification left Plaintiff, a corporation unrepresented and advised Plaintiff that it "may not litigate in this Court until counsel has entered an appearance on its behalf. [DE 16 at 2 (citing *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("Corporations unlike human beings are not permitted to litigate pro se."))]. In a separate order dated January 17, 2019, the undersigned further warned Plaintiff that "[i]f no attorney enters an appearance for KMH Systems, Inc. by **February 19, 2019**, the undersigned will recommend that the presiding judge dismiss this action with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b)." [DE 22 at 3 (emphasis in original)].

On February 26, 2019, with no counsel having entered an appearance for Plaintiff, circumstances related to Plaintiff's parallel case before this Court (*KMH Systems, Inc. v. Capital Equipment and Handling, Inc.*, et al., Case No. 3:18-cv-908-JD-MGG) required the undersigned to issue another order confirming Mr. Godfrey's disqualification and

extending the deadline for new counsel to enter an appearance on behalf of Plaintiff until March 1, 2019. [DE 24 at 2]. The undersigned explicitly warned that "[n]o further extensions [would] be granted absent extraordinary circumstances." [DE 24 at 2]. Additionally, the undersigned reiterated that "*[i]f no attorney enters an appearance for Plaintiff on or before March 1, 2019, the undersigned will recommend that the presiding judge dismiss [this case] with prejudice for failure to prosecute.*" [DE 24 at 2 (emphasis in original)].

As of this date, no attorney has entered an appearance for the corporate Plaintiff, KMH Systems, Inc. in this case. Accordingly, the undersigned now **RECOMMENDS** that the Court **DISMISS WITH PREJUDICE** Plaintiff's complaint for failure to prosecute under Fed. R. Civ. P. 41(b).

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 8th day of March 2019.

S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
