UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KMH SYSTEMS, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:18-CV-913 JD |
| CAPITAL EQUIPMENT AND HANDLING, INC., et al., | ) | |
| Defendants. | ) | |

## ORDER

After the magistrate judge granted a motion to disqualify the plaintiff's counsel, no counsel has appeared on its behalf. As an artificial entity, KMH Systems, Inc. can only appear in this action by counsel. *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008); *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993). The magistrate judge cautioned KMH Systems that its case could be dismissed with prejudice if no attorney appeared on its behalf, but no counsel appeared. Accordingly, the magistrate judge entered a report and recommendation recommending that the case be dismissed for lack of prosecution. [DE 25]. KMH Systems did not object to that recommendation, and has still not appeared by counsel.

A court must make a *de novo* determination of a report and recommendation by a magistrate judge only if a party files a timely objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). If, as here, no objection is filed, a court reviews only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The report and recommendation is not clearly erroneous; to the contrary, it is plainly correct. KMH Systems' counsel was disqualified in December 2018, about nine months ago, and it was notified at that time that it could not litigate this case until counsel entered an appearance on its behalf. It was warned again the following

month, and again the month after that, that its case would be dismissed if no attorney appeared, yet it still has taken no action. It did not even respond to the recommendation that its case be dismissed. (Nor, for that matter, did it seek review of the magistrate judge's order disqualifying its counsel, making that order unreviewable. Fed. R. Civ. P. 72(a).) This case cannot proceed when the only plaintiff is unable to litigate the case due to the absence of counsel, and KMH Systems' conduct makes clear that it has abandoned its case, so dismissal for want of prosecution is appropriate. *Hagerman*, 549 F.3d at 538.

The Court therefore ADOPTS the report and recommendation [DE 25], and DISMISSES this case with prejudice for lack of prosecution. The Clerk is DIRECTED to enter judgment accordingly. The defendant's "request for ruling" [DE 26] is DENIED as both moot and unnecessary.

SO ORDERED.

ENTERED: August 16, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court